# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Albert MCPHERSON,<br>*Plaintiff*, | ) | 3:20-CV-00667 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| PEPSICO, INC.,<br>*Defendant*. | )<br>) | DECEMBER 6, 2021 |

<u>**MEMORANDUM OF DECISION**</u>
<u>Re: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF No. 41, &
MISCELLANEOUS MOTIONS</u>

Kari A. Dooley, United States District Judge:

This product liability action arises out of the Plaintiff's consumption of what he alleges was a dangerous or defective product manufactured and sold by Defendant PepsiCo, Inc. Plaintiff alleges that he consumed a Pepsi product that had foreign object(s) within and that as a result, he became seriously ill. Pending before the Court is Defendant's motion for summary judgment. Plaintiff did not file an opposition to the motion for summary judgment and the time within which to do so has long since passed. For the reasons that follow, the motion for summary judgment is GRANTED.

**Standard of Review**

The standard under which courts review motions for summary judgment is well-established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies his burden under Rule 56 "by showing . . . that there

is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).

**Discussion**

Even where a party has not responded to a motion for summary judgment, the non-movant does not "risk a default judgment." *Jackson v. Federal Express,* 766 F.3d 189, 195 (2d Cir. 2014); *Vermont Teddy Bear v. 1-800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir. 2004). The Court is required to "examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment."[1] *Jackson*, 766 F.3d at 197. And although the Court "must provide an explanation sufficient to allow appellate review," there is no need for the "district courts to write elaborate essays using talismanic phrases." *Id.*

As indicated, Plaintiff brings this product liability claim alleging that the Pepsi he consumed was defective insofar as it contained foreign object(s) which caused the Plaintiff to become severely ill.[2] Each of Plaintiff's theories of liability under the Connecticut Product Liability Act require that the Plaintiff establish that the injuries for which he seeks compensation were caused by the product at issue. *See Leonard*, 504 F. Supp. 3d at 93, 98–99 (negligence and

---

[1] Under D. Conn. L. Civ. R. 56, a party seeking summary judgment is required to file a statement of undisputed material facts, with citation to the record. A party opposing summary judgment is required to file a response to the Rule 56(a)(1) statement, either admitting, denying or objecting to the record evidence relied upon. *See* D. Conn. L. Civ. R. 56(a)(2). Of significance here, where the non-movant fails to file a Rule 56(a)(2) statement, the movant's well-supported statement of facts may be deemed admitted. *See* D. Conn. L. Civ. R. 56(a)(3).

[2] Plaintiff's Complaint sounds in four counts: (I) Breach of Express and Implied Warranty of Fitness and Merchantability for a Particular Purpose; (II) Negligence, (III) Negligence Per Se/Res Ipsa Loquitur; and (IV) Strict Liability/Product Liability. Nevertheless, "[t]he Connecticut Products Liability Act . . . Conn. Gen. Stat. § 52-572m, *et seq.*, is the exclusive remedy for all product liability claims in Connecticut." *Leonard v. General Motors L.L.C.*, 504 F. Supp. 3d 73, 92 (D. Conn. 2020) (citing Conn. Gen. Stat. § 52-572n(a)). This Court, like the court in *Leonard*, will therefore construe these counts as multiple theories of a single cause of action. *See id.*

breach of warranty, express and implied); *Barretta v. Otis Elevator Co.*, 242 Conn. 169, 173–76 (1997) (res ipsa loquitur); *Metro. Prop. Cas. Ins. Co. v. Deere and Co.*, 302 Conn. 123, 131 (2011) (strict liability and product liability).

In seeking summary judgment, the Defendant maintains that the Plaintiff cannot establish that there was any unreasonably dangerous object(s) or substance in the Pepsi product he consumed nor that the product caused his injuries. The argument is premised largely on the fact that Plaintiff has not disclosed any expert to establish these requisite showings and that without such expert opinion, summary judgment is appropriate. The Court agrees.

First, the Court has examined the Defendant's Rule 56(a)(1) statement of undisputed facts and the record citations therein and has determined that the facts are well-supported. The statements within the Defendant's Rule 56(a)(1) submission are therefore deemed admitted. The Court further concludes that the admitted facts establish that the Defendant is entitled to summary judgment.

Under the facts and circumstances of this case, Plaintiff cannot prevail in the absence of expert testimony. The foreign object allegedly present in the Pepsi product remains largely unidentified. Accordingly, there is no basis, other than mere speculation, upon which the jury could conclude that it was harmful to the Plaintiff. Indeed, Plaintiff's own expert could not and therefore did not offer an opinion on this issue. Nor has Plaintiff disclosed any medical or other expert who has opined that the symptoms Plaintiff experienced were caused by his consumption of the Pepsi product at issue. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (stating that expert testimony is required to establish causation where the nexus between the injury and the alleged cause would not be obvious to the lay juror); *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991) (same, applying New York law); *see also Aspiazu v. Orgera*, 205 Conn. 623, 631 (1987)

3

("The medical effect upon the human system of the infliction of injuries, is generally not within the sphere of the common knowledge of a lay witness . . . .") (citations omitted). In the absence of necessary expert testimony, summary judgment is appropriate. *In re Mirena IUD Products Liability Litigation*, 202 F. Supp. 3d 304, 312 (S.D.N.Y. 2016); *Koger v. Synthes North Am., Inc.*, No. 3:07-CV-01158 (WWE), 2009 WL 5110780, at *3 (D. Conn. Dec. 17, 2009). Here, on the issue of causation, none has been proffered.

**Miscellaneous Motions**

Defendant has also filed a motion to seal portions of its motion for summary judgment, at ECF No. 40. Although this motion repeats the justification that the Court has previously rejected, *see* ECF No. 39, the Court observes that other courts within this circuit routinely seal medical records to protect the privacy interests of individuals. *E.g.*, *Spring v. Allegany-Limestone Central School District*, No. 14-CV-476S, 2021 WL 4166628, *1 (W.D.N.Y. Sept. 14, 2021). More importantly, the Court's decision does not rely upon those medical documents in making its decision. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 150-51 (2d Cir. 2019). Even if the Plaintiff had a less extensive medical record, Plaintiff would still be required to offer expert testimony to prevail on his claims. Defendant's motion to seal is therefore GRANTED.

Defendant has also made a motion for a ruling on its motion for summary judgment or, in the alternative, asked that the Court schedule a hearing on the motion for summary judgment. The Court finds this motion MOOT.

**Conclusion**

The Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter judgment in favor of the Defendant and close this case.

5

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of December 2021.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE